UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT THAYER,

       Plaintiff,                                      Case No. 1:25-cv-12779

v.                                                   Honorable Thomas L. Ludington
                                                     United States District Judge

JOHN MAY, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

      Plaintiff Robert Thayer alleges that dozens of Ogemaw County law enforcement officials have violated his constitutional rights on sporadic occasions over an approximately two-year period. He currently seeks a temporary restraining order (TRO) and a preliminary injunction to enjoin these officials from further violating his rights. For the reasons that follow, Plaintiff's Motion for a TRO and Preliminary Injunction will be denied.

**I.**

      According to Plaintiff Robert Thayer, over the past few years, numerous Ogemaw County law enforcement officers have engaged in unlawful conduct during several interactions with him. *See* ECF No. 1 at PageID.2–4. He alleges the first incident occurred in December 2023, when officers stopped his vehicle, had it towed from private property, and did so without a warrant or probable cause. *Id.* at PageID.2. Plaintiff further claims that Defendant Officer Nofsinger later arrested him on what he describes as "false charges." *Id.* at PageID.3.

      The allegations continue into March 2025. Plaintiff contends that county officers charged him with fleeing and eluding, despite his being on the phone with law enforcement at the time, explaining his location and intent to reach safety. *Id.* at PageID.2. During that episode, Plaintiff

asserts, Defendants John May and "Officer Schultz"—both employed by the Ogemaw County Sheriff's Department—pinned him to a van and injured him. *Id.* at PageID.2.

According to Plaintiff, the interactions with Ogemaw County law enforcement did not cease there. Plaintiff also alleges that in May 2025, Defendant May searched his home without a warrant, obtained consent to search it through threats of arrest, and seized firearms and ammunition during the search. *Id.* at PageID.3. Plaintiff alleges that the final incident occurred on August 30, 2025, when Defendants May and Schultz presented an unsigned warrant, arrested Plaintiff, and placed handcuffs on him so tightly as to leave lasting marks. *Id.* He further claims the officers then confined him in a cell "covered in human feces." *Id.*

Soon after, on September 3, 2025, Plaintiff filed an unsigned, *pro se* Complaint against Ogemaw County, its Sheriff's Department, its Sheriff, Defendants May, Nofsinger, Schultz, and ten unknown officers. *See generally id.* He asserts six claims under 42 U.S.C. § 1983: (1) unlawful search and seizure under the Fourth Amendment; (2) excessive force under the Fourth Amendment; (3) denial of procedural due process under the Fourteenth Amendment; (4) unlawful retaliation under the First Amendment; (5) unconstitutional conditions of confinement under the Eighth and Fourteenth Amendments; and (6) municipal liability for Ogemaw County under *Monell*. *Id.* at PageID.3–4. That same day, Plaintiff filed a one-page, unsigned Motion seeking an *ex parte* temporary restraining order (TRO) and a preliminary injunction. *See* ECF No. 3.

## II.

A Court may issue a TRO without notice to the adverse party only if the movant sets forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Additionally, "the movant's attorney certifies in writing

any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B).

If the movant clears those procedural hurdles, then courts move to the merits. In determining whether to grant a TRO, a court must weigh four factors: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief, (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and (4) whether the public interest would be served by granting the preliminary injunctive relief." *A & W X-Press, Inc. v. FCA US*, LLC, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The TRO standard is "logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *ABX Air, Inc. v. Int'l Bhd. of Teamsters, Airline Div.*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016).

### III.

Up front, this Court must consider whether Plaintiff's Motion complies with Civil Rule 65's procedural requirements. It does not. For starters, preliminary injunctions may not issue without notice to the enjoined party. *See* FED. R. CIV. P. 65. So Plaintiff's request for a preliminary injunction is premature.

Plaintiff also misses the procedural mark for his request for a TRO. To begin, Plaintiff's TRO does not explain whether and what notice he gave to Defendants before filing it. *See generally* ECF No. 3. That flaw is fatal under FED. R. CIV. P. 65(b)(1)(B). *See Slave Legacy, LLC v. Son of Slave*, No. 3:23-CV-152, 2023 WL 3919317, at *5 (S.D. Ohio June 9, 2023) (holding that courts may not issue TROs if Civil Rule 65(b)(1)(B) has not been satisfied) (collecting cases).

Moreover, Plaintiff's request for a TRO does not pass muster under FED. R. CIV. P. 65(b)(1)(A). That is, Plaintiff has not identified specific facts—whether in an affidavit or a verified complaint—demonstrating that immediate and irreparable injury will occur before the opposing party has an opportunity to be heard. Plaintiff's Complaint is unverified and unsigned. *See* ECF No. 1 at PageID.5. And his Motion for a TRO is unsigned, so nothing in it can reasonably be construed as an affidavit. *See* ECF No. 3 at PageID.12.

Yet even setting aside the absence of Plaintiff's signature, the filings suffer from a more fundamental flaw: They do not feature specific facts showing that Plaintiff will suffer irreparable harm absent a TRO before Defendants have an opportunity to respond. The filings recount *past* harms in some detail, but they do not establish that Plaintiff faces *future*, irreparable injury in the period before Defendants can appear. *See generally* ECF Nos. 1; 3. At most, Plaintiff gestures generally toward the prospect of "daily" irreparable harm. ECF No. 3 at PageID.11. But the generalized "possibility that a party *might* again suffer harm that has already occurred" does not establish "that harm *will* occur before the opposition can be heard." *Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (emphasis in original).

In sum, Plaintiff has not fulfilled FED. R. CIV. P. 65's requirements for a preliminary injunction or TRO. As a result, Plaintiff's Motion for a TRO and Preliminary Injunction, ECF No. 3, will be denied.

### IV.

One final issue must be addressed. As noted, Plaintiff's Complaint lacks a signature. But FED. R. CIV. P. 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." If a pleading or other filing has no signature, the "court *must* strike [the]

paper unless the omission is promptly corrected after being called to the" party's attention. FED. R. CIV. P. 11(a) (emphasis added). Consistent with this rule, Plaintiff will have until September 17, 2025, to correct this signature deficiency, or his Complaint will be stricken, and the case will be dismissed.

## V.

Accordingly, it is **ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 3, is **DENIED.**

Further, it is **ORDERED** that Plaintiff has **until September 17, 2025,** to correct the signature deficiency in his Complaint, ECF No. 1.

**This is not a final order and does not close this case.**

Dated: September 9, 2025                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge